**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| SAMUEL ENNING, | CASE NO. 1:14-cv-00518-JDB |
|     Plaintiff, | |
| | Judge John D. Bates |
| vs. | |
| TRANS UNION, | |
|     Defendant. | |

---

**DEFENDANT TRANS UNION, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**

---

Defendant Trans Union, LLC, incorrectly identified as Trans Union ("Trans Union"), by counsel, respectfully submits its Motion To Dismiss Plaintiff's Complaint With Prejudice For Failure To State A Claim (the "Motion").

The Motion should be granted in this alleged Fair Credit Reporting Act ("FCRA") case where Plaintiff demands judgment against Trans Union for $999,999 trillion because:

    A.    Plaintiff's unintelligible, one-page, handwritten Complaint fails to plead any facts showing that Plaintiff is entitled to relief against Trans Union; as such, <u>Twombly</u> requires that it be dismissed because it fails to provide Trans Union with fair notice of what Plaintiff's claims are and the grounds upon which they rest; and

    B.    Plaintiff's Complaint is fatally deficient because it fails to allege that Trans Union reported any inaccurate information, which is an essential element of a claim under the FCRA.

The grounds for this Motion are stated more fully in Trans Union's accompanying Brief In Support of its Motion To Dismiss Plaintiff's Complaint With Prejudice For Failure To State A Claim.

Date:  April 2, 2014                    Respectfully submitted,


                                        */s/ H. Mark Stichel*
                                        H. Mark Stichel, Esq.  (DC Bar #503038)
                                        Gohn Hankey and Stichel, LLP
                                        201 North Charles Street, Suite 2101
                                        Baltimore, MD  21201
                                        Telephone:  (410) 752-9300
                                        Fax:  (410) 752-2519
                                        E-Mail:  hmstichel@ghsllp.com

                                        *Local Counsel for Defendant, Trans Union, LLC*


                                        */s/ Scott E. Brady*
                                        Scott E. Brady, Esq.
                                        (admitted *Pro Hac Vice*)
                                        Schuckit & Associates, P.C.
                                        4545 Northwestern Drive
                                        Zionsville, IN  46077
                                        Telephone:  (317) 363-2400
                                        Fax:  (317) 363-2257
                                        E-Mail:  sbrady@schuckitlaw.com

                                        *Counsel for Defendant, Trans Union, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SAMUEL ENNING,<br>    Plaintiff,<br><br>vs.<br><br>TRANS UNION,<br>    Defendant. | CASE NO. 1:14-cv-00518-JDB<br><br>Judge John D. Bates |

---

**DEFENDANT TRANS UNION, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**

---

Defendant Trans Union, LLC, incorrectly identified as Trans Union ("Trans Union"), by counsel, respectfully submits this Brief In Support of its Motion To Dismiss Plaintiff's Complaint With Prejudice For Failure To State A Claim (the "Motion").

The Motion should be granted in this alleged Fair Credit Reporting Act ("FCRA") case where Plaintiff demands judgment against Trans Union for $999,999 trillion because:

A.   Plaintiff's unintelligible, one-page, handwritten Complaint fails to plead any facts showing that Plaintiff is entitled to relief against Trans Union; as such, <u>Twombly</u> requires that it be dismissed because it fails to provide Trans Union with fair notice of what Plaintiff's claims are and the grounds upon which they rest; and

B.   Plaintiff's Complaint is fatally deficient because it fails to allege that Trans Union reported any inaccurate information, which is an essential element of a claim under the FCRA.

## I.    INTRODUCTION

Plaintiff's Complaint (attached hereto as "Exhibit A") consists of an unintelligible, one-page, handwritten list of terms, occasionally followed by the word "violations," with no punctuation other than commas. See Complaint. At best, the Complaint purports to assert some unidentified violation of the FCRA[1] by Trans Union for "Racial Illegal Accounts Reference # Illegal Bills of $999 Trillion in my Name – Samuel Enning since 1992" and demands judgment against Trans Union in the amount of "$999999 Trillion [sic]." Id.

## II.    LEGAL STANDARD

Pursuant to Rule 8 of the D.C. Superior Court Rules of Civil Procedure and Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), upon which they are closely modeled, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and each allegation must be "simple, concise, and direct." D.C. SUP. CT. R. 8(a)(2), 8(e)(1);[2] FED. R. CIV. P. 8(a)(2), 8(d)(1). In general, a pleading must provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

Although pro se plaintiffs are generally given more leeway than trained legal counsel, courts have not hesitated "to require even pro se litigants to state their claims in an understandable and efficient manner." Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (citing Anderson v. Univ. of Md. Sch. of Law, 130 F.R.D. 616, 617 (D. Md. 1989)); Hilska v.

---

[1] Wrongly identified as the "Fed. Fair Credit Reportings, Scores, Protections Procedures Acts and Laws."
[2] Rules 1-86 of the D.C. Superior Court Rules of Civil Procedure "are derived directly from the correspondingly numbered Federal Rules and are in many cases identical thereto." D.C. SUP. CT. R. pmbl. "One of the primary objectives in the drafting and adoption of the … Superior Court Rules of Civil Procedure has been to provide an integral and convenient rules structure modeled closely on that of the Federal Rules of Civil Procedure." Id.

Jones, 217 F.R.D. 16 (D. D.C. 2003) (finding that the Court's indulging treatment of pro se litigants did not constitute a license to ignore the Federal Rules of Civil Procedure).  To this end, the Court "is not obliged to ferret through a Complaint, searching for viable claims."  Wynn-Bey v. Talley, No. RWT-12-3121, 2012 U.S. Dist. LEXIS 168892, at *4 (D. Md. Nov. 28, 2012).  Rather, the Court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."  Id. at *5 (quoting Salhuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

**III.  ARGUMENT**

    **A.  Plaintiff's Unintelligible, One-Page, Handwritten Complaint Fails To Plead Any Facts Showing That Plaintiff Is Entitled To Relief Against Trans Union; As Such, Twombly Requires That It Be Dismissed Because It Fails To Provide Trans Union With Fair Notice Of What Plaintiff's Claims Are And The Grounds Upon Which They Rest.**

Even accorded a traditionally liberal reading, Plaintiff's Complaint fails to plead any intelligible facts.  To survive a motion to dismiss, the Complaint must contain a showing of the Plaintiff's entitlement to relief, rather than labels and conclusions, and must be supported by factual allegations.  See Twombly, 550 U.S. at 555.  While detailed factual allegations are not required, the Complaint must, at a minimum, provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id.

Here, Plaintiff's Complaint is based on a bizarre statement, apparently missing verbs, "Racial Illegal Accounts Reference # Illegal Bills of $999 Trillion in my Name – Samuel Enning since 1992," followed by a list of nouns, occasionally followed by the word "violations," with no punctuation other than commas.  See Complaint.  None of Plaintiff's claims are supported by factual allegations that Trans Union violated the FCRA or any other law.  Further, Plaintiff's

Complaint is so unorganized, confusing and vague that Trans Union cannot even discern what Plaintiff is attempting to allege.

Accordingly, Plaintiff's Complaint fails to provide Trans Union with fair notice of what Plaintiff's claims are and the grounds upon which they rest.  Despite Plaintiff's status as a pro se litigant, neither Trans Union nor this Court is charged with the responsibility to ferret through a Complaint that is so unintelligible, confusing, ambiguous and vague that its true substance, if any, is completely missing or disguised.

> **B.     Plaintiff's Complaint Is Fatally Deficient Because It Fails To Allege That Trans Union Reported Any Inaccurate Information, Which Is An Essential Element Of A Claim Under The FCRA.**

Plaintiff's Complaint apparently purports to assert violations of the FCRA by Trans Union.  To establish a claim under the FCRA, Plaintiff must, at a minimum, demonstrate an inaccuracy in Trans Union's reporting.  See, e.g., Wilson v. Prudential Fin., 603 F. Supp. 2d 163, 167 (D. D.C. 2009).  "Without evidence of some inaccuracy in the Trans Union report or reinvestigation, [Plaintiff] cannot establish that Trans Union violated the FCRA – either § 1681e(b) or § 1681i(a)(1)(A)."  Kuehling v. Trans Union, LLC, 137 Fed. Appx. 904, 908 (7th Cir. 2005); DeAndrade v. Trans Union, LLC, 523 F.3d 61, 67-68 (1st Cir. 2008); Shannon v. Equifax Info. Servs., LLC, 764 F. Supp. 2d 714, 721 (E.D. Pa. 2011).

Here, Plaintiff merely lists a series of nouns, without verbs or punctuation other than commas, such as "Illegal Accounts," "Illegal Bills" and "variadion [sic] violations," but fails to allege or identify any inaccuracy in Trans Union's reporting.  Accordingly, because Plaintiff has failed to plead that Trans Union reported any inaccurate information, Plaintiff's Complaint is fatally deficient and Plaintiff cannot establish a claim under the FCRA.

**IV.     CONCLUSION**

For the foregoing reasons, Trans Union respectfully requests that this Court issue an Order dismissing Plaintiff's Complaint against Trans Union, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) and award such further relief as the Court finds just and equitable.

Date:  April 2, 2014                    Respectfully submitted,

*/s/ H. Mark Stichel*
H. Mark Stichel, Esq.  (DC Bar #503038)
Gohn Hankey and Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, MD  21201
Telephone:  (410) 752-9300
Fax:  (410) 752-2519
E-Mail:  hmstichel@ghsllp.com

*Local Counsel for Defendant, Trans Union, LLC*

*/s/ Scott E. Brady*
Scott E. Brady, Esq.
(admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  sbrady@schuckitlaw.com

*Counsel for Defendant, Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **2nd day of April, 2014**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| None. | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **2nd day of April, 2014**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff**<br>Samuel Enning<br>P.O. Box 55110<br>Washington, DC  20040 | |

*/s/ Scott E. Brady*
Scott E. Brady, Esq.
(admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  sbrady@schuckitlaw.com

*Counsel for Defendant, Trans Union, LLC*